UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ANTHONY P. P.                 :    Civ. No. 3:22CV00388(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI, ACTING       :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    November 1, 2022
                              :
------------------------------x
```

**ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiff Anthony P. P. ("plaintiff") originally filed an application for Supplemental Security Income on March 6, 2016. See Certified Transcript of the Administrative Record, Doc. #9, compiled on April 26, 2022, (hereinafter "Tr.") at 853-61. Plaintiff's application was denied initially on April 20, 2016, see Tr. 654-58, and upon reconsideration on June 23, 2016. See Tr. 662-65.

Following three administrative hearings before Administrative Law Judge ("ALJ") Ronald J. Thomas, and an interim remand by the Appeals Council, on August 28, 2020, ALJ Thomas issued the unfavorable decision from which plaintiff appealed to the District Court. See Tr. 8-36; see also Tr. 512-96; Tr. 623-53. On January 20, 2022, the Appeals Council denied plaintiff's request for review of ALJ Thomas' August 28, 2020,

1

decision, thereby making it the final decision of the Commissioner. See Tr. 1-7.

Plaintiff, represented by Attorney Ivan M. Katz, timely appealed ALJ Thomas' August 28, 2020, decision to this Court on March 16, 2022. See generally Doc. #1.[1] On May 5, 2022, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcripts. [Doc. #9]. On July 11, 2022, after having received an extension of time by which to file his brief, plaintiff filed a Motion to Reverse the Decision of the Commissioner. See Docs. #14, #17.[2] On August 16, 2022, defendant filed a Consent Motion for Voluntary Remand pursuant to Sentence Four of 42 U.S.C. §405(g). [Doc. #19]. The Court granted defendant's motion on August 17, 2022. [Doc. #20]. Judgment entered for plaintiff on August 18, 2022. [Doc. #23].

On October 28, 2022, the parties filed a Stipulation for Allowance of Fees Under the Equal Access to Justice Act ("EAJA") (hereinafter "Stipulation"). [Doc. #24]. The Stipulation states that the parties have agreed "that Plaintiff shall be awarded attorney fees in the amount of **$13,500.00** under the" EAJA "in

---

[1] Attorney Katz did not represent plaintiff during the administrative proceedings. See Doc. #26 at 1; see also Tr. 684-87; 689-92.

[2] Plaintiff also sought, and received, permission to file an oversized statement of material facts. See Docs. #15, #16.

full and final satisfaction (upon payment) of any and all claims under EAJA." Id. at 1.

On October 28, 2022, the Court entered an Order directing plaintiff's counsel to "provide the Court with an accounting of fees sought in compliance with [28 U.S.C. §2412(d)(B)(1)] including the number of hours claimed; a statement of whether the hours were incurred by an attorney, paralegal, or other employee; and the hourly rate applied." Doc. #25. On the same date, plaintiff's counsel filed a response to the Court's Order titled: "Statement re: Stipulation for Award of Fees Under the EAJA" (hereinafter "Statement"). Doc. #26. The statement itemizes the time expended by Attorney Katz in this matter. See id. at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that

3

under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of time expended by Attorney Katz to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the Stipulation [**Doc. #24**], for the stipulated amount of **$13,500.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee

4

petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 66.10 hours of work at a "negotiated" rate of $204.34 per hour. Doc. #26 at 1. The parties have reached an agreement under which defendant would pay $13,500.00 in fees, which represents the entirety of the hours claimed by Attorney Katz at an hourly rate "considerably below" what Attorney Katz typically charges and "less than the inflation-adjusted 'lodestar rate[.]'" Id. at 2. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[3] This Court has a duty to review Attorney Katz's time sheet to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No.

---

[3] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

The Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a voluntary remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[4] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 66.10 hours of work. See Doc. #26 at 1. The administrative transcript

---

[4] The request for attorney's fees is timely because it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on October 17, 2022, 60 days after judgment for plaintiff entered. The Stipulation was filed on October 28, 2022, well before the expiration of the filing deadline on November 16, 2022. See Doc. #24.

in this case was comprised of a very lengthy 6,642 pages. See Doc. #9. Plaintiff's counsel did not represent plaintiff during the administrative proceedings. See Doc. #26 at 2. In addition, plaintiff's counsel submitted a thorough brief and oversized statement of material facts, resulting in a motion for voluntary remand. See Docs. #17, #19. The Court finds the attorney time reasonable for the work claimed, including review of the administrative transcript [Doc. #9]; preparation of the motion to reverse and supporting memorandum [Docs. #17, #17-2]; and preparation of the statement of material facts [Doc. #17-2]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL

264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Although 66.10 hours exceeds the presumptively reasonable time for prosecuting a Social Security appeal, the agreed upon hours sought are reasonable given (1) the volume of the administrative record and (2) that Attorney Katz did not represent plaintiff during the administrative proceedings. See Butler v. Colvin, No. 3:13CV00607(CSH)(JGM), 2015 WL 1954645, at *2 (D. Conn. Apr. 29, 2015) ("[I]n cases where the specific circumstances warrant it, courts do not hesitate to award fees in excess of twenty to forty hours." (citation and quotation marks omitted)).

Accordingly, the Court finds that the 66.10 hours claimed is reasonable, particularly in light of the parties' stipulation, which weighs in favor of finding that the fee award claimed is reasonable. Therefore, an award of **$13,500.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the Stipulation [**Doc. #24**].

It is so ordered at Bridgeport, Connecticut this 1st day of November, 2022.

                                                /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES CIRCUIT JUDGE
                                Sitting by Designation